IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDRY'S, INC., as Successor in Interest to LANDRY'S MANAGEMENT, LP,<br>    Plaintiff,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:18-CV-02679 |

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S
MOTION FOR SUMMARY JUDGMENT**

Ellen Van Meir
Attorney-In-Charge
State Bar No. 00794164
Southern District Bar No. 20363
evanmeir@thompsoncoe.com

Mariah B. Quiroz
Of Counsel
State Bar No. 24031714
Southern District Bar No. 598901
mquiroz@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 - FAX

COUNSEL FOR DEFENDANT
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

 I. SUMMARY OF THE ARGUMENT........................................................................1

 II. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ...............2

  A. The ICSOP Policies ............................................................................2

  B. The *Paymentech* Lawsuit....................................................................3

  C. Stage of the Current Proceedings.........................................................5

 III. SUMMARY JUDGMENT EVIDENCE ..................................................................5

 IV. SUMMARY JUDGMENT STANDARD AND STATEMENT OF ISSUES .................6

 V. ARGUMENTS AND AUTHORITIES ....................................................................7

  A. Paymentech's Claims and Damages Are Not for "Personal and Advertising Injury"..............................................................................7

   1. No Publication Took Place ......................................................10

   2. Paymentech's Privacy Rights Were Not Violated .....................11

  B. Landry's Insurance Code Claims Also Fail.....................................13

  C. Landry's Claims for Other Damages Also Fail ...............................14

 VI. CONCLUSION ................................................................................................15

CERTIFICATE OF SERVICE ......................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Butts v. Royal Vendors, Inc.*, 504 S.E.2d 911 (W. Va. 1998) .................................................. 10, 11

*Camacho v. Texas Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006) ......................................... 15

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................................ 6

*Colony Ins. Co. v. Adsil, Inc.*, 2016 WL 4617449 (S.D. Tex. Sept. 2, 2016) ................................. 9

*Evergreen Nat'l Indem. Co. v. Tan It All, Inc.*, 111 S.W.3d 669
    (Tex. App.—Austin 2003, no pet.) ..................................................................................... 13

*Farmers Tex. Cty Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997) ......................................... 3

*FHP Tectonics Corp. v. American Home Assur. Co.*, 57 N.E.3d 575 (Ill. Ct. App. 2016) ............ 9

*Fields v. City of South Houston*, 922 F.2d 1183 (5th Cir. 1991) .................................................... 6

*Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132 (Tex. 1994) ........................................................... 6

*Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614 (Tex. App.—Fort Worth 2005, no pet.) .............. 13

*Huston v. U.S. Bank Nat. Ass'n*, 2012 WL 652589 (S.D. Tex. Feb. 28, 2012) ............................ 15

*Innovak Int'l, Inc. v. Hanover Ins. Co.*, 280 F.Supp.3d 1340 (M.D. Fla. 2017) ............................ 7

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1 (Tex. 2007) ................................ 13

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986) ............................................... 6

*N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*,
    2017 WL 412992 (S.D. Tex. Jan. 31, 2017) ....................................................................... 14

*New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336 (5th Cir. 1996) .................................... 6

*Nutmeg Ins. Co. v. Clear Lake City Water Auth.*, 229 F.Supp.2d 668 (S.D. Tex. 2002) ............... 8

*Nutmeg Ins. Co. v. Employers Ins. Co.*, 2006 WL 453235 (N.D. Tex. 2006) ............................. 10

*P.F. Chang's China Bistro, Inc. v. Federal Ins. Co.*,
    2016 WL 3055111 (D. Ariz. May 31, 2016) ..................................................................... 12

*Performance Autoplex II, Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847 (5th Cir. 2003) ............. 6

*Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650 (Tex. 2009) .................. 14

*Quibodeaux v. Nautilus Ins. Co.*, 655 Fed.Appx. 984 (5th Cir. 2016) .......................................... 14

*Sherwood Constr. Co., Inc. v. American Home Assur. Co.*,
    2011 WL 6012605 (W.D. Okla. Dec. 1, 2011) ..................................................................... 9

*SnyderGeneral Corp. v. Great Am. Ins. Co.*, 928 F.Supp. 674 (N.D. Tex. 1996) ........................... 7

*St. Paul Fire & Marine Ins. Co. v. Rosen Millennium, Inc.*,
    2018 WL 4732718 (M.D. Fla. Sept. 28, 2018) ................................................................... 7

*St. Paul Guardian Ins. Co. v. Centrum GS, Ltd.*, 283 F.3d 709 (5th Cir. 2002) ............................. 6

*Terry v. Safeco Ins. Co. of Am.*, 930 F.Supp.2d 702 (S.D. Tex. 2013) ......................................... 13

*Travelers Indem. Co. of Am. v. Portal Healthcare Solutions, LLC*,
    644 Fed.Appx. 245 (4th Cir. 2016) .................................................................................... 10

**Statutes**

Section 37 of the Texas Civil Practice and Remedies Code ................................................... 14, 15

Section 38 of the Texas Civil Practice and Remedies Code ......................................................... 14

Section 542 of the Texas Insurance Code ......................................................................... 7, 13, 14

**Rules**

Fed. R. Civ. P. 56(c) ........................................................................................................................ 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDRY'S, INC., as Successor in Interest to LANDRY'S MANAGEMENT, LP, <br> Plaintiff, <br><br> v. <br><br> THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, <br> Defendant. | § § § § § § § § § § | CIVIL ACTION NO. 4:18-CV-02679 |

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S**
**MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, The Insurance Company of the State of Pennsylvania ("ICSOP"), moves for summary judgment for the following reasons, which demonstrate that ICSOP is entitled to judgment as a matter of law because all of plaintiff's claims against ICSOP fail:

**I.**
**SUMMARY OF THE ARGUMENT**

Plaintiff, Landry's Inc., as Successor-in-Interest to Landry's Management, LP ("Landry's"), filed this suit against ICSOP on the mistaken basis that it is owed defense and indemnity under four commercial general liability policies issued by ICSOP for damages arising from an alleged breach of contract with its payment processor and bank (collectively "Paymentech"). In an underlying lawsuit, Paymentech seeks to recover damages from Landry's for fees assessed by Visa and MasterCard following a consumer data breach at various Landry's businesses. Paymentech seeks this contractual indemnification under an agreement it entered into with Landry's.

In this action, Landry's erroneously contends that Paymentech's claims in the underlying lawsuit implicate coverage for "personal and advertising injury," but the claims in the underlying lawsuit do not trigger such coverage because they relate solely to Landry's alleged breach of contract with Paymentech. Moreover, Landry's contends that the data compromise falls within the definition of "personal and advertising injury" because it constituted "oral or written publication . . . of material that violates a person's right of privacy." This argument fails for several reasons, explained in detail below, but most notably because Paymentech does not allege a publication, nor does it allege an invasion of privacy. Consequently, Landry's is not owed coverage under the ICSOP policies for the Paymentech suit as a matter of law, and summary judgment should be entered in ICSOP's favor and Landry's suit should be dismissed.

## II.
### STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

#### A.   The ICSOP Policies

Landry's seeks coverage under four commercial general liability insurance policies issued by ICSOP to Fertitta Entertainment Holdings, Inc., Fertitta Entertainment Holdings, LLC and/or Fertitta Entertainment:

1) Policy number 192-97-17 effective from September 24, 2013 to September 24, 2014, subject to a $500,000 per offense retained limit;

2) Policy number 192-97-17 effective from September 24, 2014 to September 24, 2015, subject to a $500,000 per offense retained limit;

3) Policy number 192-97-19, effective from September 24, 2013 to September 24, 2014, subject to a $100,000 per offense retained limit; and

4) Policy number 192-97-19, effective from September 24, 2014 to September 24, 2015, subject to a $ 150,000 per offense retained limit.

(collectively, the "ICSOP Policies"). Exs. 2-5.

Subject to the applicable "retained limit," each of the ICSOP Policies applies to amounts that the insured becomes legally obligated to pay as damages, in relevant part, because of "personal and advertising injury."[1]  Exs. 2-5 at APP 137, 162, 380 and 469.  The ICSOP Policies define "personal and advertising injury," in relevant part, to include "oral or written publication, in any manner, of material that violates a person's right of privacy." Exs. 2-5 at APP 102, 236, 344 and 464.

### B. The *Paymentech* Lawsuit

In May 2018, Paymentech sued Landry's in an action styled *Paymentech, LLC and JPMorgan Chase Bank, N.A., v. Landry's Inc., as Successor-in-Interest to Landry's Management, LP*, Civil Action No. 4:18-CV-1622, filed in the United States District Court for the Southern District of Texas, Houston Division (the "Underlying Lawsuit").  Paymentech alleges that on December 31, 2008, it entered into a Select Merchant Payment Card Processing Agreement (the "Agreement") with Landry's wherein Paymentech agreed to provide payment card processing services to Landry's for transactions processed at Landry's properties.  Ex. 1 at APP 003.  Landry's also agreed to abide by the Agreement's "Payment Brand Rules," which include Visa's Global Compromised Account Recovery Program ("GCAR") and MasterCard's Account Data Compromise Program ("ADC"). Ex. 1 at APP 003-004. The GCAR and ADC Programs are intended to compensate issuing banks for a portion of the costs associated with a fraud loss, including card replacement, legal fees, and recoupment of disputed charges.  *See id.*

Paymentech alleges that on December 2, 2015, it discovered a credit card data breach between May 4, 2014 and December 3, 2015 at several Landry's properties.  Ex. 1 at APP 005.

---

[1]  Landry's also has not provided evidence that it has satisfied the applicable retained limits to invoke potential coverage.  Nevertheless, this matter is justiciable because the same reasons precluding a duty to reimburse defense costs (the ICSOP Policies do not provide a duty to defend, as discussed in on page 9) also preclude a duty to indemnify. *Farmers Tex. Cty Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997).

Landry's publically acknowledged the breach on December 17, 2015, and admitted that the affected data included cardholder names, numbers, expiration dates, and verification codes. Ex. 1 APP at 005.

Visa determined that the breach was subject to its GCAR program and advised Paymentech that Visa calculated Paymentech's total liability for the data breach as $12,678,367.13. Ex. 1 at APP 007. Paymentech notified Landry's of Visa's assessment and of Landry's right to appeal, and it requested that Landry's reimburse Paymentech for the full amount pursuant to the Agreement. Ex. 1 at APP 007-008. Landry's disputed that it owed reimbursement and appealed to Visa; however, Visa denied the appeal. In evaluating the appeal, Visa determined that Landry's failed to comply with multiple payment card industry data security standards. Ex. 1 at APP 008-009. Visa's denial of the appeal is final and terminates the GCAR process. Ex. 1 at APP 009.

Similarly, MasterCard determined that the breach was subject to its ADC program and assessed $10,548,342.50 in damages against Paymentech. Ex. 1 at APP 009-011. Paymentech also notified Landry's of MasterCard's assessment and appeal rights. Ex. 1 at APP 010-011. MasterCard ultimately denied Landry's appeal, making findings of fault similar to Visa. Ex. 1 at APP 010-011.

Thereafter, Landry's allegedly agreed to indemnify Paymentech for Landry's failure to comply with Payment Brand Rules, including the compromise of any payment instruction information. Ex. 1 at APP 011. Paymentech contends that Landry's indemnity obligation was triggered when Visa or MasterCard imposed assessments on Paymentech as a result of their investigations into the data breach involving Landry's. Ex. 1 at APP 013. In the Underlying Lawsuit, Paymentech's claims against Landry's are for breach of contract based on Landry's

failure to indemnify Paymentech pursuant to the Agreement for the over $20 million assessed by Visa and MasterCard, *quantum meruit*, and promissory estoppel. Ex. 1 at APP 013-017.

In the instant action, Landry's seeks coverage from ICSOP for the claims in the Underlying Lawsuit. ICSOP issued a denial letter to Landry's on July 2, 2018 because the claim and damages asserted against Landry's in the Underlying Lawsuit are not covered under the ICSOP Policies.

### C. Stage of the Current Proceedings

Landry's filed this declaratory judgment action in the 234th Judicial District Court for Harris County, Texas, which ICSOP removed to federal court on August 3, 2018, on the basis of diversity jurisdiction. The parties submitted a proposed Joint Discovery/Case Management Plan on September 13, 2018 (Dkt. #5), which has not been entered. In the Joint Discovery/Case Management Plan, the parties agreed that this matter involves a legal issue amendable to early summary judgment and have agreed to file cross motions for summary judgment. The case is scheduled for an initial status conference on January 18, 2019. No trial date is set, and no other matters are pending.

### III.
### SUMMARY JUDGMENT EVIDENCE

In support of its motion, ICSOP adopts and incorporates by reference the following summary judgment evidence in its attached appendix:

> Exhibit 1: Paymentech's Original Complaint in Civil Action No. 4:18-CV-01622; *Paymentech, LLC and JP Morgan Chase Bank, N.A. v. Landry's, Inc. as Successor in Interest to Landry's Management,* LP; in the United States District Court for the Southern District of Texas, Houston Division;
>
> Affidavit of Richard A. Chapman;

> Exhibit 2: certified copy of ICSOP commercial general liability policy number 192-97-17, effective from September 24, 2013 to September 24, 2014;
>
> Exhibit 3: certified copy of ICSOP commercial general liability policy number 192-97-17, effective from September 24, 2014 to September 24, 2015;
>
> Exhibit 4: certified copy of ICSOP commercial general liability policy number 192-97-19, effective from September 24, 2013 to September 24, 2014; and
>
> Exhibit 5: certified copy of ICSOP commercial general liability policy number 192-97-19, effective from September 24, 2014 to September 24, 2015.

## IV.
### SUMMARY JUDGMENT STANDARD AND STATEMENT OF ISSUES

Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Summary judgment must be granted if a reasonable fact finder could not decide in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Under Texas law, the interpretation of insurance policies is governed by the same rules used in interpreting other contracts.[2] *See Performance Autoplex II, Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). The interpretation of an insurance policy is a question of law. *St. Paul Guardian Ins. Co. v. Centrum GS, Ltd.*, 283 F.3d 709, 713 (5th Cir. 2002) (quoting *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996)); *see Performance Autoplex II, Ltd.*, 322 F.3d at 853. Because the interpretation and construction of insurance policies are matters of law,

---

[2] In its original petition, Landry's does not contest that Texas law applies in the interpretation of the Policies. Dkt. #1-4.

they are particularly amenable to summary judgment. *SnyderGeneral Corp. v. Great Am. Ins. Co.*, 928 F.Supp. 674, 677 (N.D. Tex. 1996).

ICSOP should be granted summary judgment because all of the facts and evidence prove the underlying claims and damages sought from Landry's are not covered by the ICSOP Policies. Accordingly, Landry's cannot maintain its claims against ICSOP as a matter of law. Specifically, ICSOP seeks summary judgment on the following issues:

(a) ICSOP has not breached any duties under the ICSOP Policies and no coverage is owed because Paymentech's claims and damages do not involve "personal and advertising injury";

(b) Landry's is not entitled to any damages under Chapter 542 of the Texas Insurance Code; and

(c) Landry's is not entitled to attorney's fees, expenses, interest, or costs of court.

## V.
## ARGUMENTS AND AUTHORITIES

**A. Paymentech's Claims and Damages Are Not for "Personal and Advertising Injury"**

As an initial matter, economic losses arising from a data breach, such as those sought by Paymentech in the Underlying Lawsuit, are not covered by a commercial general liability policy. Here, more specifically, Paymentech's claims in the Underlying Lawsuit do not constitute "personal and advertising injury" as defined by the ICSOP Policies. While this Court has not previously addressed the issue, other Courts have confirmed that there is no coverage under a commercial general liability policy for the same types of claims and damages for which Landry's seeks coverage. Significantly, other courts have made this determination when examining the same policy language as that contained in the ICSOP Policies. *See, e.g., Innovak Int'l, Inc. v. Hanover Ins. Co.,* 280 F.Supp.3d 1340 (M.D. Fla. 2017); *St. Paul Fire & Marine Ins. Co. v. Rosen Millennium, Inc.,* 2018 WL 4732718 (M.D. Fla. Sept. 28, 2018).

As the party seeking coverage, Landry's bears the burden of proving the claims and damages against it fall within the insuring agreement. *See Nutmeg Ins. Co. v. Clear Lake City Water Auth.*, 229 F.Supp.2d 668, 676 (S.D. Tex. 2002) (explaining that "[u]nder Texas law, the insured bears the burden of demonstrating that its claim is potentially within the insurance policy's scope of coverage). As a threshold matter, Landry's must therefore prove that the claims and damages fit within the Policies' insuring agreement.[3] The relevant insurance agreement for Coverage B – Personal and Advertising Injury is the same in each policy and is modified by endorsement:

**SELF-INSURED RETENTION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**I.    INSURING AGREEMENTS**

\* \* \*

SECTION I - COVERAGES, COVERAGE B - PERSONAL AND ADVERTISING INJURY, 1. – Insuring Agreement, paragraph a. is deleted in its entirety and replaced with the following:

> **a.** We will pay on behalf of the Insured those sums in excess of the "Retained Limit" that the Insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right but not the duty to defend any "suit" seeking those damages. We may at our discretion and expense, participate with you in the investigation of any "occurrence" and the defense or settlement of any claim or "suit" that may result. But:
>
> > (1) The amount we will pay for damages is limited as described in SECTION III - LIMITS OF INSURANCE; and
> >
> > (2) Our right to defend, if we so exercise it, ends when we have exhausted the applicable limit of insurance in the

---

[3] As stated in its petition, Landry's seeks coverage under Coverage B for "personal and advertising injury." Dkt. #1-4 at ¶¶14-15, 20-21, 26-27 and 32-34. Therefore, ICSOP has not addressed the merits of Landry's claims under Coverage A for "bodily injury" and "property damage."

> payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under ALLOCATED LOSS ADJUSTMENT EXPENSES - COVERAGES A AND B.

Exs. 2-5 at APP 137-138, 162, 380-381 and 469-470.

Each of the Policies unequivocally states that ICSOP "will have the right **but not the duty to defend** any 'suit' seeking those damages" caused by "personal and advertising injury." Exs. 2-5 at APP 137, 162, 380 and 469 (emphasis added). Therefore, ICSOP owes no duty to defend the Underlying Lawsuit and is entitled to summary judgment for Landry's claims of breach of contract and declaratory relief related to a failure to defend. *See, e.g., Sherwood Constr. Co., Inc. v. American Home Assur. Co.,* 2011 WL 6012605, *4 (W.D. Okla. Dec. 1, 2011); *FHP Tectonics Corp. v. American Home Assur. Co.,* 57 N.E.3d 575 (Ill. Ct. App. 2016). *See Colony Ins. Co. v. Adsil, Inc.*, 2016 WL 4617449, at *4 (S.D. Tex. Sept. 2, 2016) (finding that no duty to defend existed because the agreement "specifically omit[ted] the term 'defend'").

Furthermore, for potential coverage to apply to a duty to reimburse defense costs or to indemnify, Landry's must not only exhaust the applicable "retained limit," which it has not provided evidence of doing, but must also prove the claims and damages in the Underlying Lawsuit arise from "personal and advertising injury." The ICSOP Policies define "personal and advertising injury" as a list of various offenses, and Landry's alleges the following offense is relevant here:

> e. oral or written publication, in any manner, of material that violates a person's right of privacy.

Exs. 2-5 at APP 102, 236, 344 and 464. Paymentech's claims against Landry's do not constitute "personal and advertising injury" within the meaning of the ICSOP Policies because: 1) no publication took place, and 2) Paymentech does not allege a privacy violation.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – PAGE 9

6414810v8
08415.029

1. No Publication Took Place

Publication of material, meaning the disclosure of material for public distribution, is a required element of "personal and advertising injury." *See, e.g., Nutmeg Ins. Co. v. Employers Ins. Co.,* 2006 WL 453235, *9 (N.D. Tex. 2006) ("Publish" generally means "to disclose, circulate or prepare and issue printed material for public distribution."). No publication is alleged by Paymentech and, therefore, Landry's cannot satisfy its burden of proving that the claims fall within the ICSOP Policies' coverage for "personal and advertising injury."

The genesis of Paymentech's suit is that Landry's breached its contractual obligations under the Agreement to indemnify Paymentech against the damage assessments waged by Visa and MasterCard. Paymentech does not claim that Landry's published any material. In addition, the claims in the Underlying Lawsuit could not implicate "personal and advertising injury" coverage because the stolen credit card information is not alleged to be published by anyone. Ex. 1 at APP 005-006.

In addition to the absence of allegations suggesting that that the stolen information was actually published, no court has equated theft with publication. *See Nutmeg Ins. Co. v. Employers Ins. Co.,* 2006 WL 453235, *9 (N.D. Tex. 2006); *cf. Travelers Indem. Co. of Am. v. Portal Healthcare Solutions, LLC,* 644 Fed.Appx. 245 (4th Cir. 2016) (accidental publication of medical records on the internet was publication within the meaning of "personal and advertising injury" definition); *Butts v. Royal Vendors, Inc.,* 504 S.E.2d 911, 917 (W. Va. 1998) (finding claim did not involve "oral or written publication of material that violates a person's right of privacy" where third party published material and not the insured). Because none of the claims asserted by Paymentech or giving rise to Paymentech's claims involve publication of injurious

material, they cannot constitute "personal and advertising injury" as a matter of law, and summary judgment should be granted in ICSOP's favor.

2. <u>Paymentech's Privacy Rights Were Not Violated</u>

Although Landry's cannot satisfy the publication requirement of "personal and advertising injury," which is in itself a basis to grant summary judgment to ICSOP, Landry's also cannot prove Paymentech's privacy rights were violated. In the Underlying Lawsuit, Paymentech contends that Landry's is contractually obligated to indemnify it for the damages assessed by Visa and MasterCard in connection with the data breach. Ex. 1 at APP 012-014. Paymentech's claims are based solely upon the contention that Landry's breached its Payment Agreement. Ex. 1 at APP 012-017. In other words, Paymentech contends Landry's breached its contract by failing to indemnify Paymentech with regard to claims by Visa and MasterCard; not that Paymentech's privacy rights were violated. *Id*.

There is no legal authority that would allow Landry's to impute the alleged privacy violations by the underlying cardholders to Paymentech. Moreover, Paymentech does not seek indemnification for alleged injuries that may have been suffered from the cardholders, but rather for fees assessed by Visa and MasterCard for card replacement, recoupment of disputed charges, legal fees, an increase in labor due to customer inquiries related to the compromise, and costs associated with the requested appeals. Ex. 1 at APP 013. These damages involve neither the requisite publication, nor violation of privacy to constitute a covered offense under the ICSOP policies.

Other courts examining the issue in a similar but different context have reached the same result: damages to a bank or payment processor arising from a data breach do not involve a violation of "privacy rights" so as to invoke potential coverage. For example, in the landmark

*P.F. Chang's* case, the court interpreted the same facts under a cyber-security policy, where that insured sought coverage for amounts it contractually owed to its payment processor arising from a data breach. *See, e.g., P.F. Chang's China Bistro, Inc. v. Federal Ins. Co.,* No. CV-15-1322-PHX-SMM, 2016 WL 3055111 (D. Ariz. May 31, 2016). The damages sought by the payment processor, like Paymentech's damages against Landry's, represented actual damages for fraud recovery, a case management fee, and other damages incurred by the issuing banks (*i.e.*, Visa and MasterCard). *Id.* at *2-6; Ex. 1 at APP 007 and 009. The court concluded that a plain reading of the policy meant the insuring agreement did not provide coverage for the payment processor's claims because the payment processor did not sustain a "privacy injury" itself and could not maintain a valid claim for injury against P.F. Chang's.

Although the *P.F. Chang's* court did not interpret the definition of "personal and advertising injury," it analyzed a key requirement: violation of a person's right to privacy. Therefore, its holding is instructive here. Like in *P.F. Chang's*, Paymentech does not complain its own privacy rights were violated and it instead seeks indemnity for damages from fraud recovery by the issuing banks. Paymentech's claims and damages, therefore, do not involve publication of "material that violates a person's right of privacy," and thus, do not constitute "personal and advertising injury." *See P.F. Chang's*, 2016 WL 3055111 *2-6; Ex. 1 at APP 002-017.

This precedent aligns with the facts confronting Landry's and supports summary judgment in ICSOP's favor. Paymentech's claims involve economic loss and damages assessed by Visa and MasterCard, not publication of material in violation of a privacy right. Therefore, on their face, the claims do not involve "personal and advertising injury." Moreover, it is impossible for Landry's to re-characterize Paymentech's claims for "personal and advertising

injury" in light of the established legal precedent. As such, Landry's claims for breach of contract and declaratory judgment fail as a matter of law.

### B. Landry's Insurance Code Claims Also Fail

ICSOP is also entitled to summary judgment on Landry's claim under Chapter 542 of the Texas Insurance Code, otherwise known as the Texas Prompt Payment Statute. Chapter 542 provides for additional damages when an insurer wrongfully refuses or delays payment of a claim. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 16 (Tex. 2007). To recover under Chapter 542 Landry's must prove: (1) a claim under an insurance policy; (2) that ICSOP is liable for the claim; and (3) that ICSOP has failed to comply with one of the requirements of the statute with respect to the claim. *Evergreen Nat'l Indem. Co. v. Tan It All, Inc.*, 111 S.W.3d 669, 678 (Tex. App.—Austin 2003, no pet.); *see also Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614 (Tex. App.—Fort Worth 2005, no pet.).

Landry's generally alleges that "ICSOP has engaged in conduct that constitutes violations of Chapter 542 of the Texas Insurance Code by denying its duty to defend and denying its duty to pay 'Allocated Loss Adjustment Expenses.'" Dkt. #1-4 at ¶61. The uncontroverted summary judgment evidence shows, however, that ICSOP is not liable for the underlying insurance claim asserted against Landry's because it is not for "personal and advertising injury." With no liability to pay for the claim, ICSOP cannot violate the Prompt Payment statute, and is entitled to summary judgment as a matter of law. *Terry v. Safeco Ins. Co. of Am.*, 930 F.Supp.2d 702, 714 (S.D. Tex. 2013); *Harris,* 158 S.W.3d at 623 ("An insurer will not be held liable for violating [the prompt payment statute] unless it is found liable for the underlying insurance claim.").

Moreover, statutory damages arising under the Prompt Payment statute in the context of a third-party claim are only available for a covered claim where the insurer breached a duty to

defend. *See, e.g., Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.,* 279 S.W.3d 650 (Tex. 2009) (damages under the prompt payment statute are available for an insurer's breach of the duty to defend). The insuring agreements of the ICSOP Policies unambiguously state that no duty to defend is owed under any circumstances. ICSOP cannot have breached a duty it could never owe. Moreover, coverage issues aside, Landry's has not shown it has exhausted the applicable Retained Limit to trigger a duty to reimburse defense costs. Accordingly, because ICSOP does not owe the requisite statutory duties to give rise to a breach of Chapter 542, Landry's Prompt Payment claims fail as a matter of law.

### C. Landry's Claims for Other Damages Also Fail

Landry's seeks attorney's fees pursuant to Sections 37.009 and 38.001 of the Texas Civil Practices and Remedies Code, as well as Section 542.060 of the Texas Insurance Code, plus pre- and post-judgment interest and all costs of court. However, Landry's is not entitled to the relief requested under Section 38 of the Texas Civil Practices and Remedies Code or Section 542 of the Texas Insurance Code because it cannot prevail on its claims for breach of contract. *See* Tex. Civ. Prac. & Rem. Code §38.001 (allowing recovery of attorney's fees only for a *valid* claim for an oral or written contract); *see Quibodeaux v. Nautilus Ins. Co.,* 655 Fed.Appx. 984, 989 (5th Cir. 2016) (noting that attorney's fees are available under Section 542 of the Texas Insurance Code for a "successful claim"); *see N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, No. 4:09-CV-2556, 2017 WL 412992, at *2 (S.D. Tex. Jan. 31, 2017) (explaining that "[t]o recover attorneys' fees for breach of contract under Texas law, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages") (internal citation omitted).

Landry's also is precluded from relief under Section 37 of the Texas Civil Practices and Remedies Code because the Fifth Circuit has held that this statute is not substantive law and cannot be relied on for an award of attorney's fees in federal diversity cases such as this one. *See Huston v. U.S. Bank Nat. Ass'n*, No. H-10-3702, 2012 WL 652589, at *5 (S.D. Tex. Feb. 28, 2012) (denying request for attorney's fees under Section 37 of the Texas Civil Practice and Remedies Code because "the Fifth Circuit has held that 'a party may not rely on the Texas [Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not substantive law'") (quoting *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 409-10 (5th Cir. 2006)). Therefore, ICSOP also is entitled to summary judgment as to these claims.

## VI.
### CONCLUSION

Landry's is not entitled to coverage under the ICSOP Policies for fees and penalties assessed against Paymentech for a data breach at Landry's locations. The claims asserted by Paymentech against Landry's in the Underlying Lawsuit do not constitute "personal and advertising injury" as defined by the ICSOP Policies because they do not involve publication or a violation of Paymentech's privacy—an outcome that other courts have agreed with under nearly identical facts and policy language. As such, ICSOP does not owe Landry's any duties with respect to the Underlying Lawsuit, and ICSOP is entitled to a judgment as a matter of law in its favor as to all of Landry's claims.

WHEREFORE, PREMISES CONSIDERED, ICSOP respectfully requests that the court grant this motion for summary judgment, dismiss Landry's Complaint, enter judgment in favor of ICSOP, and grant such further relief to which ICSOP is entitled.

Respectfully submitted,

s/Ellen Van Meir
Ellen Van Meir
Attorney-In-Charge
State Bar No. 00794164
Southern District Bar No. 20363
evanmeir@thompsoncoe.com

Mariah B. Quiroz
Of Counsel
State Bar No. 24031714
Southern District Bar No. 598901
mquiroz@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 - FAX

COUNSEL FOR DEFENDANT
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

## CERTIFICATE OF SERVICE

This is to certify that on November 2, 2018, a true and correct copy of the foregoing was sent via the court's electronic transmission to plaintiff's counsel of record, Micah E. Skidmore and Natalie DuBose, HAYNES & BOONE, LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas, 75219.

s/Ellen Van Meir
Ellen Van Meir
Mariah B. Quiroz